| | |
|---|---|
| ADEL AL, Individually and on Behalf of All Others Similarly Situated, | ) Case No.: 17-cv-1218 |
| | ) |
| | ) **CLASS ACTION COMPLAINT** |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) **Jury Trial Demanded** |
| CONVERGENT OUTSOURCING, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## INTRODUCTION

1.      This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2.      The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3.      Plaintiff Adel Al is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4.      Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from him a debt allegedly incurred for personal, family, or household purposes.

5.      Defendant Convergent Outsourcing, Inc. ("Convergent") is a debt collection agency with its principal offices located at 800 SW 39th St., Renton, WA 98057.

6.      Convergent is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7.     Convergent is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Convergent is a debt collector as defined in 15 U.S.C. § 1692a.

**FACTS**

8.     On or about September 12, 2016, Convergent mailed a debt collection letter to Plaintiff regarding an alleged debt. A copy of the letter is attached to this complaint as Exhibit A.

9.     Upon information and belief, the alleged debt that Convergent was attempting to collect was for personal, family, or household purposes, namely medical debt.

10.     Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

11.     Upon information and belief, Exhibit A is a form debt collection letter used by Convergent to attempt to collect alleged debts.

12.     Upon information and belief, Exhibit A is the first written communication that Convergent sent to Plaintiff regarding the alleged debt to which Exhibit A refers.

13.     Exhibit A is false and misleading as to the identity of the creditor.

14.     Upon information and belief, Plaintiff was not indebted to any entity named "WF, Inc - Elmbrook Mem."

15.     "WF, Inc - Elmbrook Mem" is not the name of the creditor.

16.     "WF, Inc - Elmbrook Mem" is not a commonly used acronym for any creditor.

17.     "WF, Inc - Elmbrook Mem" is not a business or trade name that any creditor has used from the inception of any business transaction with Plaintiff or any member of the class.

18.     Plaintiff never had any dealings with any entity named "WF, Inc - Elmbrook Mem."

2

19. Plaintiff's counsel knows from previous actions with Convergent that Convergent frequently collects debts on behalf of Wheaton Franciscan Healthcare and associated entities, but the unsophisticated consumer is not expected to have this information.

20. A Google search of "WF, Inc." conducted on September 7, 2017, produced more than ten pages of results without a single reference to Wheaton Franciscan. The results did include several references to Wells Fargo, one of the largest banks that has been in the news recently for allegedly opening millions of fake accounts in customers' names. *See* https://en.wikipedia.org/wiki/Wells_Fargo_account_fraud_scandal.

21. Similarly a Google search of "Elmbrook Mem" returns many links to various municipalities named "Elmbrook," but does not return reverences to Wheaton Franciscan until page 3.

22. A debt collector cannot make confusing representations about the identity of the creditor in a collection letter.

23. Plaintiff was confused by Exhibit A.

24. The unsophisticated consumer would be confused by Exhibit A.

25. Plaintiff had to spend time and money investigating Exhibit A.

26. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibit A.

27. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information

3

concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

28. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive

4

debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

29. 15 U.S.C. § 1692e provides, in relevant part: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

30. 15 U.S.C. § 1692e(2)(A) specifically prohibits: "The false representation of—the character, amount, or legal status of any debt."

31. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

32. 15 U.S.C. § 1692g(a)(2) requires the debt collector to provide written notice containing "the name of the creditor to whom the debt is owed."

33. To satisfy § 1692g(a)(2), a debt collector may provide "the name under which [the creditor] usually transacts business, or a commonly-used acronym, or any name that it has used from the inception of the credit relation." *Blarek v. Encore Receivable Mgmt.*, No. 06-cv-420-WEC, 2007 U.S. Dist. LEXIS 22549 at *22 (E.D. Wis. Mar. 27, 2007).

34. However, "a particularly non-obvious acronym can on its face constitute a plainly confusing statement in violation of § 1692g(a)(2)." *Id*. at *23.

## COUNT I – FDCPA

35. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

36. The language in Exhibit A is false, misleading, and confusing to the unsophisticated consumer, in that the letter misleads the consumer as to the identity of the current creditor.

5

37. Defendant's misstatement of the name of the creditor is a false representation or deceptive means to collect or attempt to collect any debt.

38. Defendant's misstatement of the name of the creditor is a false and misleading statement of the character and legal status of the alleged debt.

39. Defendant has failed to state the name of the creditor.

40. The Defendant has therefore violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), and 15 U.S.C. § 1692g(a)(2).


## CLASS ALLEGATIONS

41. Plaintiffs bring this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibit A to the complaint in this action, (c) seeking to collect a debt for personal, family or household purposes, (d) between September 8, 2016 and September 8, 2017, inclusive, (e) that was not returned by the postal service.

42. The Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the Class.

43. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendants complied with 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), and 1692g(a)(2).

44. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

45. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

6

46.     A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

47.     Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a)     actual damages;

(b)     statutory damages;

(c)     attorneys' fees, litigation expenses and costs of suit; and

(d)     such other or further relief as the Court deems proper.

Dated:  September 8, 2017

**ADEMI & O'REILLY, LLP**

By:     /S/ John D. Blythin
        Shpetim Ademi (SBN 1026973)
        John D. Blythin (SBN 1046105)
        Mark A. Eldridge (SBN 1089944)
        3620 East Layton Avenue
        Cudahy, WI 53110
        (414) 482-8000
        (414) 482-8001 (fax)
        sademi@ademilaw.com
        jblythin@ademilaw.com
        meldridge@ademilaw.com

7